NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————————

DAVID P. BONOMO,

                    Plaintiff,

            v.

CITRA CAPTIAL MANAGEMENT, LLC,
CITRA REAL ESTATE CAPITAL
MANAGEMENT, LCC,
CITRA/NEWWORK HEALTHCARE
CAPITAL, LLC, MICHAEL I. JANDA, and
HERBERT SALTZMAN,

                    Defendants.

———————————————————————

**OPINION**

Civ. No. 2:11-04409-WHW-MCA

**Walls, Senior District Judge**

Citra Capital Management, LLC, Citra Real Estate Capital Management, LLC, Citra/Newwork Healthcare Capital, LLC, Michael I. Janda, and Herbert Saltzman ("Defendants") move to dismiss the complaint of David P. Bonomo ("Plaintiff") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, Defendants request the transfer of this case to the Central District of California pursuant to 28 U.SC. § 1404(a) or 1406(a). This Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). Defendants' motion is denied in part and granted in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an individual who resides in Summit, New Jersey. Compl. ¶ 1. Defendant Citra Capital Management, LLC is a limited liability company organized and existing under the

**NOT FOR PUBLICATION**

laws of Illinois and has its principal place of business in Illinois.  Id. ¶ 2.  Defendant Citra Real

Estate Capital Management, LLC is a limited liability company organized and existing under the

laws of California with its principal place of business also in California.  Id. ¶ 3.  Defendant

Citra/Newwork Healthcare Capital, LLC is alleged to be a limited liability company organized

and existing under the laws of California with its principal place of business also in California.

Id. ¶ 4.  Collectively, "Citra" is alleged to be a financial advisory and capital placement business

that negotiates and secures debt and equity funding for healthcare providers, real estate

developers, and other clients.  Pl. Opp. at 3

     Defendant Michael I. Janda resides in Florida and is alleged to be an owner and operator

of Citra.  Id.  Defendant Herbert Saltzman resides in California and is alleged to be an owner and

managing director of Citra.  Pl. Opp. at 3; Def. Mot. at 2.

     Plaintiff and Defendants entered into an agreement (the "Agreement") in or about March

2007, whereby Plaintiff was to be become a director at Citra and establish an east coast presence

in New Jersey for Citra.  Compl. ¶ 9; Pl. Opp. at 3.  Under the Agreement, he was to receive a

base compensation, reimbursement for expenses, and annual bonuses.  Compl. ¶ 12.  Plaintiff

alleges that Defendants made various misleading statements to induce Plaintiff to enter into the

Agreement and that Plaintiff relied on these representations to enter into the Agreement.  Id. ¶¶

10-11.  These representations involved statements regarding the capitalization of Citra, the scope

and nature of Citra's operations, and the ability and intent of the Defendants to perform their

obligations to Plaintiff in good faith.  Id. ¶ 10.

     Plaintiff maintains that he performed his obligations under the Agreement through 2010,

but Defendants refused and failed to perform under the Agreement.  Id. ¶¶ 13-14.  Plaintiff

**NOT FOR PUBLICATION**

alleges that Defendants failed to pay Plaintiff as agreed to under the Agreement and had no intention of doing so.  Id. ¶ 14.

On July 28, 2011, Plaintiff filed suit against Defendants seeking damages for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud, unjust enrichment, fraudulent transfer and accounting.  Id. ¶¶ 17-41.

On January 19, 2012, Defendants moved to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1406(a).  Def. Mot. at 1.  Defendants argue that this Court lacks personal jurisdiction over them and that Plaintiff's complaint should either be dismissed or transferred to the Central District of California.  Id. at 7.

**STANDARD OF REVIEW**

**1. Personal Jurisdiction**

A federal district court sitting in diversity "may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (internal quotation marks and citations omitted).  New Jersey's long arm statute provides for personal jurisdiction as far as is permitted by the Fourteenth Amendment to the United States Constitution.  See Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992); DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981).

The due process clause of the Fourteenth Amendment permits a forum state to exercise general personal jurisdiction over a non-resident defendant when that defendant has "continuous and systematic" contacts with the state.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).  The due process clause also allows a forum state to exercise

**NOT FOR PUBLICATION**

specific personal jurisdiction over a non-resident defendant if the cause of action arises out of that defendant's "minimum contacts" with the forum state. Id. at 414. What qualifies as sufficient contacts in any given case "will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." Hanson v. Denckla, 357 U.S. 235, 253 (1958). It is critical that the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287 (1980).

Assuming minimum contacts have been established, a court may ask whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (quoting Int'l. Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); Pennzoil Products Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 201 (3d Cir. 1998). Although this second inquiry need only be applied at a court's discretion, see Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1222 (3d Cir. 1992) (citing Rudzewicz, 471 U.S. at 476-77), courts have generally chosen to engage in this second tier of analysis in determining questions of personal jurisdiction. See, e.g., Mesalic v. Fiberfloat Corporation, 897 F.2d 696, 701-02 (3d Cir. 1990) (considering notions of "fair play and substantial justice" in deciding issue of personal jurisdiction). For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state. See World-Wide Volkswagen Corp., 444 U.S. at 292. To determine reasonableness, a court considers the following factors: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies,

NOT FOR PUBLICATION

and the shared interest of the several States in furthering substantive social policies. Id. Only in "rare cases [do the] minimum requirements inherent in the concept of fair play and substantial justice . . . defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities." Asahi Metal Industry Co.. v. Super. Ct. of Cal., 480 U.S. 102, 116 (1987).

When a defendant moves to dismiss for lack of personal jurisdiction, "the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between each defendant and the forum state." Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal quotation marks and citations omitted). The plaintiff may establish "jurisdictional facts through sworn affidavits or other competent evidence," but may not rely on "the bare pleadings alone in order to withstand a defendant's" motion. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984); see also Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 101 n.6 (3d Cir. 2004). In deciding a motion to dismiss for lack of personal jurisdiction, a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (internal quotation marks and citations omitted); see also D'Jamoos 566 F.3d at 102.

## 2. Venue

To survive a motion to dismiss for improper venue, the plaintiff must make a prima facie showing of venue. Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004); Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1357 (11th Cir. 1990). Where jurisdiction is founded only on diversity of citizenship, venue is proper in:

**NOT FOR PUBLICATION**

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

### 3. Transfer of Venue

There are two sections of Code governing motions to transfer venue. "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). If venue is improper in the district where the case was brought, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The moving party must prove the impropriety of the plaintiff's choice of venue. 2 MOORE'S FEDERAL PRACTICE § 12.32[4] (3d ed.1999). Even if venue is proper, the district court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice ...." 28 U.S.C. § 1404(a).

**DISCUSSION**

### 1. Personal Jurisdiction

The Due Process Clause of the Fourteenth Amendment permits a forum state to exercise general or specific personal jurisdiction over a non-resident defendant. Plaintiff does not suggest

NOT FOR PUBLICATION

that the Court has general jurisdiction over Defendants nor does the Court find anything in the
record to support a finding of "continuous and systematic" contacts with New Jersey to support
an exercise of general jurisdiction over Defendants.

Plaintiff asserts that the Court has specific jurisdiction over Defendants.  Defendants
assert that the Court lacks personal jurisdiction because Citra Capital Management, LLC has had
insufficient limited contacts with New Jersey and Citra Real Estate Capital Management, LLC
has had absolutely no business or other contacts with New Jersey.  Defendants claim that neither
company has any offices, facilities, employees, agents, or licenses in New Jersey.  Def. Mot at 3.
Defendants also allege that Citra/Newwork was never organized as a business entity and that
Defendants Janda and Saltzman have no geographical or business ties to New Jersey that would
give New Jersey courts personal jurisdiction over them.  Def. Mot. at 2-3.

Plaintiff counters that Defendants Janda, Saltzman and Citra Capital Management have
established sufficient minimum contacts with New Jersey to subject them to personal jurisdiction
in this Court.  Pl. Opp. at 2-4.  Plaintiff alleges the following:

(1) Plaintiff maintained a New Jersey office for Citra Capital Management, which was
within the Newwork, LLC office located in Newark, New Jersey.  Pl. Opp. at 4.

(2) On behalf of Citra, Plaintiff worked out of Citra's New Jersey office on several real
estate and healthcare transactions with Defendants Janda and Saltzman.  Pl. Opp. at 4.
One major project included "The Richardson Project," which involved the acquisition
and rehabilitation of a commercial property located in Newark, New Jersey.  Id.

(3) Janda and Saltzman personally traveled to New Jersey on more than one occasion in
connection with Plaintiff's work for Citra.  Pl. Opp. at 5.  As example, on October 3,
2009, Defendant Saltzman met with his son, the owner of Newwark, LLC who was

NOT FOR PUBLICATION

increasingly involved in Citra's business activity, and the Plaintiff for lunch in Jersey City, New Jersey to discuss their collective efforts going forward. Pl. Opp. at 5.   At this lunch, Defendant Saltzman made certain representatives, which Plaintiff relied on in good faith to his detriment. Id. at 6.  Defendant Saltzman paid for lunch with a credit card. Id.  On an earlier occasion, Defendants Saltzman and Janda, as well as various Newwork employees attended a closing dinner in New York City in recognition of the Richardson Project.

(4) In the course of negotiations Plaintiff received hundreds of communications from Defendants directed to him in New Jersey regarding the transactions that Citra was involved in. Pl. Opp. at 5.  These communications were by email, regular mail, telephone and in person. Id.  Plaintiff also received monthly consulting fees from Citra by mail to his home in Summit, New Jersey, and by wire transfer to Wachovia Bank in Summit, New Jersey (now known as Wells Fargo).

New Jersey courts have found that where the cause of action "arose out of the defendant's contacts within [New Jersey]" and where the contacts involved a "purposeful act" by the defendant, sufficient minimum contacts exist for the exercise of personal jurisdiction over the defendant. Waste Management, Inc. v. Admiral Insurance Co., 138 N.J 106, 123 (1994). (internal citations omitted) ("[t]he more the defendant has purposefully directed its activities to the forum state, and the greater the benefits it has received from its contacts with the forum state, the more reasonable the exercise of jurisdiction becomes").  The Court finds that Defendants Janda, Saltzman and Citra Capital Management had sufficient contacts with New Jersey to justify the Court's exercise of personal jurisdiction over them.  In particular, Defendants Janda and Saltzman traveled to New Jersey pursuant to their contract with the Plaintiff.  Further, Citra

**NOT FOR PUBLICATION**

Capital Management had an office and conducted business in New Jersey.  These facts

demonstrate that Defendants Janda, Saltzman and Citra Capital Management purposefully

availed themselves of the privilege of conducting activities within the forum State, and that they

should have "reasonably anticipated being haled into court" in New Jersey.  World-Wide

Volkswagen Corp. 444 U.S. at 297 (citations omitted).

      The Court also finds that the exercise of personal jurisdiction over Defendants Janda,

Saltzman and Citra Capital Management is reasonable in New Jersey and would not offend

"traditional notions of fair play and substantial justice." International Shoe v. Washington, 326

U.S. 310, 320 (1945).  Although Defendants do not live in any states adjoining New Jersey,

travel to New Jersey would present no special burden to defendants, as evidenced by their earlier

visits to New Jersey and the adjoining state of New York.  The Court is not persuaded that trying

the case in New Jersey would compromise efficiency.  In particular, the Court recognizes a

significant policy interest in protecting residents of its state against fraud, misrepresentation or

breach of contract in connection with interstate business transactions.  As such, trying the case in

New Jersey and enhancing the practice of transparent business relationships across state borders

satisfies the prong of the shared interest of the several states in furthering substantive social

policies pursuant to the factors.  Asahi Metal Industry Co., 480 U.S. at 116.

      Because Plaintiff has established that Defendants Janda, Saltzman and Citra Capital

Management meet the required minimum contacts set out in International Shoe, and because the

fair play and substantial justice factors are satisfied by personal jurisdiction in New Jersey,

Defendants Janda, Saltzman and Citra Capital Management's motion to dismiss pursuant

to Federal Rule of Civil Procedure 12(b)(2) is denied.

**NOT FOR PUBLICATION**

On the other hand, Plaintiff has failed to establish that Citra/Newwork Healthcare

Capital, LLC is in fact an actual business entity over which the Court can exercise jurisdiction

over.  Similarly, Plaintiff has not alleged with reasonable particularity any facts that show

sufficient contacts between Citra Real Estate Capital Management, LLC and New Jersey to

sustain a finding that Citra Real Estate has purposefully availed itself of the privilege of

conducting activities within New Jersey.  It follows that Defendants Citra Real Estate Capital

Management and Citra/Newwork Healthcare Capital's motion to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(2) is granted.

## 2. Venue

The Court need not consider whether venue is proper as to Defendants Citra Real Estate

Capital Management and Citra/Newwork Healthcare Capital because the Court does not have

personal jurisdiction over these defendants.

Defendants Janda, Saltzman and Citra Capital Management move to transfer venue under

28 U.S.C. § 1406(a), which allows a district court to transfer venue when venue has been laid in

the "wrong division or district."  However, venue is proper in this district. Venue is proper in "a

judicial district in which a substantial part of the events giving rise to the claim occurred." 28

U.S.C. § 1391(a).  Because the allegations in the Plaintiff's opposition brief, which establish that

Defendants have sufficient minimum contacts with New Jersey to create personal jurisdiction,

also establish that "a substantial part of the events giving rise to [Plaintiff's] claim occurred" in

New Jersey, venue is proper in this district.  Because venue is proper and has not been laid in the

"wrong division or district," Defendants Janda, Saltzman and Citra Capital Management's

motion to transfer venue under § 1406(a) is denied.

**NOT FOR PUBLICATION**

### 3. Transfer of Venue

Because this Court has dismissed the complaint for lack of personal jurisdiction over Defendants Citra Real Estate Capital Management and Citra/Newwork Healthcare Capital, the motion to transfer is relevant only to the remaining three defendants, Janda, Saltzman and Citra Capital Management, who have the burden of demonstrating that litigating this action in California is more appropriate than New Jersey. Jumara, 55 F.3d at 879.

While venue is proper in New Jersey, the Court may transfer the case to California under § 1404(a). See Jumara, 55 F.3d at 878. In pertinent part, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although a plaintiff's chosen forum is afforded substantial deference, the Third Circuit has directed that a district court must weigh "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." 28 U.S.C. § 1404(a); Jumara, 55 F.3d at 879–80. The court must consider both private interest and public interest concerns bearing on the propriety of the requested transfer. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30–31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

Private factors include: (1) the plaintiff's preferred forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the witnesses to the extent they would be unavailable at trial in one of the fora; and (5) the availability of documents and other evidence. See id.

Public factors include: (1) the enforceability of the judgment; (2) practical considerations that make trial easier or less expensive; (3) the relative administrative difficulty related to court

NOT FOR PUBLICATION

congestion; (4) the relative importance of the fora in deciding the controversy; and (5) the

familiarity of the trial judge with the applicable state law in diversity cases.  Id.

The private interest factors here do not support transfer to the Central District of

California.  The Plaintiff's preferred forum is the District of New Jersey and this preference is

entitled to substantial deference.  Jumara, 55 F.3d at 880;  see Dagostino v. Bally's Las

Vegas, No. 11–cv–02618, 2011 WL 5599859, at *3 (D.N.J. Nov.17, 2011) ("The plaintiff's

forum preference is given great weight regardless of his personal circumstances.").  Defendants

argue that the Central District of California would be more convenient because all defendants are

subject to jurisdiction in California, while the Plaintiff argues that the forum would only be more

convenient for Defendant Saltzman because he is the only defendant domiciled in California.

Although the alternative forum may be convenient for one or more of the Defendants, transfer to

California would impose a greater burden on the Plaintiff, who lives in New Jersey.  Compl. ¶ 1.

Travel to New Jersey would present no special burden on Defendants because they have traveled

to New Jersey, as well as near by New York.  Moreover, the majority of events giving rise to the

claim occurred in New Jersey, including several business transactions between Plaintiff and

Defendants Janda and Saltzman.  Pl. Opp. at 4.  Plaintiff also provides a list of twenty witnesses

in New Jersey, while Defendant only names one witness located in California.

As for the public factors, many of which were considered in the Court's analysis of

traditional notions of fair play and substantial justice in the context of personal jurisdiction,

Defendants fail to demonstrate substantial factors which weigh in favor of transfer.  The docket

of the District of New Jersey is no more or less conducive to an expeditious resolution of this

matter than the docket of the Central District of California.  The state of New Jersey and its

residents have an interest in protecting themselves against defendants who engage in potential

**NOT FOR PUBLICATION**

fraud or misrepresentation in business transactions.  Finally, in addressing the choice of law factor, as Defendants point out, the law of the state that has the most significant connections with the parties and the action applies.  NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 319 (3d Cir. 1995).  Here, Plaintiff has demonstrated that Defendants have engaged in sufficient connection with New Jersey to subject them to personal jurisdiction.  Plaintiff resides in New Jersey, Defendant Citra Capital Management had an office in New Jersey, and Defendants Janda and Saltzman have traveled to New Jersey on more than one occasion in connection with Plaintiff's work for Citra.  Because New Jersey has the most significant connections with the parties, New Jersey law should apply.  This factor weighs heavily in favor of venue in New Jersey as opposed to California.  Defendants' request for transfer pursuant to 28 U.S.C. § 1404(a) is denied.

**CONCLUSION**

The Court dismisses this action with respect to Defendants Citra Real Estate Capital Management and Citra/Newwork Healthcare Capital.  The Court denies Defendants' motion to dismiss for lack of personal jurisdiction with respect to Defendants Janda, Saltzman and Citra Capital Management's and denies Defendants' motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1406(a) and 1404(a).

United States Senior District Judge