NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DAVID P. BONOMO, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 11-04409 (WHW) (CLW) |
| CITRA CAPITAL MANAGEMENT, LLC, CITRA REAL ESTATE CAPITAL MANAGEMENT, LLC, CITRA/NEWWORK HEALTHCARE CAPITAL, LLC, MICHAEL I. JANDA, and HERBERT SALTZMAN, | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

In this case where a settlement was reached but never fulfilled, Plaintiff David Bonomo moves to hold Defendant Herbert Saltzman in contempt for violating two Court orders. Pl.'s Contempt Mot., ECF No. 43. Mr. Saltzman cross-moves under Federal Rule of Civil Procedure 60(b) to vacate the two orders. Def.'s Opp. & Cross-Mot., ECF Nos. 44-45. Without oral argument under Federal Rule of Civil Procedure 78(b), the Court denies Mr. Saltzman's cross-motion, orders Mr. Saltzman to submit certain evidence to the Court, and defers ruling on Plaintiff's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 26, 2014, the Court dismissed this case because it was reported to the Court that it had been settled. Order of Dismissal, ECF No. 33. The Court

> ORDERED that this action is hereby dismissed without prejudice and without costs, subject to the right of the parties upon good cause shown within 60 days, to reopen the action if the settlement is not consummated. The terms of the settlement

1

>agreement are incorporated herein by reference and the Court shall retain jurisdiction over the settlement agreement to enforce its terms.

*Id.*

On April 1, 2014, Plaintiff David Bonomo filed a motion to enforce the settlement agreement. Pl.'s Mot. to Enforce, ECF No. 34. Ronald Nagle, Mr. Bonomo's counsel, certified that the parties settled the case on February 11, 2014 before retired Judge John M. Boyle and that Judge Boyle had recorded the settlement terms. Reply Cert. of Ronald Nagle ¶ 2, ECF No. 36. After the parties agreed to the settlement terms before Judge Boyle, the agreement was committed to writing. Cert. of Ronald Nagle ¶ 2, ECF No. 34-1. Mr. Nagle stated that Defendant Herbert Saltzman had since refused to abide by the terms of the agreement and refused to sign the written version of the agreement. *Id.* ¶ 4. Mr. Nagle submitted the final written version of the agreement, without Mr. Saltzman's signature, to the Court. *Id.*, Ex. A.

In response, Mr. Saltzman stated: "I did agree to settle this matter, but prior to signing it, and before the agreement was finalized, I was hospitalized following a colonoscopy." Decl. in Opp. of Herbert Saltzman ¶ 2, ECF No. 35. Mr. Saltzman did not express any objection to the written version of the agreement submitted to the Court by Mr. Nagle. Rather, Mr. Saltzman stated: "I did not review or sign the finalized agreement because I was in the hospital," *id.* ¶ 4, and, "I remain willing to finalize the settlement agreement and abide by its terms." *Id.* ¶ 7. Instead of objecting to the written agreement before the Court, Mr. Saltzman requested an extension of ninety days before he would be obligated to make the payments required by the agreement. *Id.* He explained: "I need to be sure that I am recovered before I can begin making any payments." *Id.* He further indicated that "this relatively minor dispute about timing could have been resolved without resorting to motion practice." *Id.*

**NOT FOR PUBLICATION**

On April 24, 2014, after considering the parties' submissions, the Court ordered that the written version of the settlement agreement submitted to the Court would become effective between the parties in ninety days or on July 25, 2014, whichever was later. Order of Apr. 24, 2014, ECF No. 37. On August 20, 2014, Plaintiff again moved to enforce the settlement agreement. Pl.'s Second Mot. to Enforce, ECF No. 38. The motion was unanswered by Mr. Saltzman. The Court granted it on October 14, 2014 and ordered Mr. Saltzman to "make all payments presently due under the settlement agreement within thirty days of the date of this Order, and continue making all required payments thereafter." Order of Oct. 14, 2014, ECF No. 39.

On November 19, 2014, Mr. Nagle notified the Court by letter that Mr. Saltzman had "failed and refused to comply with the Court's Orders." Letter from Ronald Nagle, ECF No. 40. The Court conducted an in person conference with counsel for the parties on December 16, 2014. At the hearing, counsel for Mr. Saltzman expressed that Mr. Saltzman did not intend to make any payments to Plaintiff as required by the settlement agreement. On December 18, 2014, Mr. Bonomo filed the present motion to hold Mr. Saltzman in contempt. On January 8, 2015, Mr. Saltzman cross-moved to vacate the Court's earlier orders enforcing the settlement.

## DISCUSSION

**1. The Court's jurisdiction is proper.**

Mr. Saltzman argues that the Court must vacate its earlier orders to enforce the settlement agreement because it did not have jurisdiction to issue the orders. Def.'s Br. 5-10, ECF No. 44-1.

Well-established case law governs a district court's ability to enforce settlement agreements reached in dismissed cases. A "district court lacks jurisdiction to enforce a settlement agreement following the dismissal of an action unless (1) the court retains jurisdiction, either by expressly doing so or by incorporating the terms of the settlement into its dismissal order, or (2)

3

there is an independent basis for federal jurisdiction." *Guiuan v. Villaflor*, 544 F. App'x 64, 65 (3d Cir. 2013) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

Here, the Court expressly retained jurisdiction to enforce the settlement agreement. *See* Order of Dismissal. The Court thereby had subject matter jurisdiction over Mr. Bonomo's motions for enforcement. *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 503 (3d Cir. 2002) (district courts may exercise ancillary jurisdiction to enforce a settlement agreement if they retained jurisdiction to do so in order of dismissal). The cases advanced by Mr. Saltzman are not to the contrary.

Mr. Saltzman argues that "the parties did not contemplate, agree, or consent to continuing jurisdiction of the Court" and that the lack of consent invalidates the Court's jurisdiction. Def.'s Br. 7, 9. This argument fails. This case was dismissed by a Court order, under Rule 41(a)(2), in which the Court retained jurisdiction. Fed. R. Civ. P. 41. The lack of party consent does not alter the effect of the Court's express order retaining jurisdiction.

Mr. Saltzman also argues that "no one advised the Court of the terms of the settlement agreement so that they could be incorporated in the Order." Def.'s Br. 7. This argument fails for two reasons. First, the parties do not dispute that they agreed to settlement terms which were recorded by Judge Boyle. Those are the terms incorporated by reference in the Court's order. Second, even if the Court had not incorporated settlement terms into its order, it still retained jurisdiction to enforce the agreement. *See Shell's Disposal & Recycling, Inc. v. City of Lancaster*, 504 F. App'x 194, 198 (3d Cir. 2012) (finding that district court had jurisdiction to enforce settlement agreement when it "specifically retained jurisdiction for the purpose of enforcing the terms of the settlement agreement" before parties put the agreement in writing).

The Court had jurisdiction to issue its orders enforcing the settlement agreement. The Court denies Mr. Saltzman's motion to vacate its orders of April 24, 2014 and October 14, 2014.

### 2. Relief from the Court's prior orders under Rule 60(b)(6) is not justified.

Mr. Saltzman argues that the Court "should revoke the settlement agreement and reopen the case" under Federal Rule of Civil Procedure 60(b)(6). Def.'s Br. 17. Mr. Saltzman argues that he has "suffered medical problems that render his performance under the settlement agreement impossible" and that this circumstance qualifies as "extreme and unexpected hardship" that justifies relief from the Court's orders enforcing the settlement. *Id.* 17-18.

Rule 60(b)(6) provides that a court may relieve a party from an order for any reason "that justifies relief." Fed. R. Civ. P. 60(b)(6). The Court of Appeals for the Third Circuit has emphasized that this is "extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Logan v. Am. Contract Bridge League*, 173 F. App'x 113, 117 (3d Cir. 2006) (quoting *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002)). Mr. Saltzman submits that he has suffered from a number of medical issues, that they have curtailed his ability to work as much as he did in the past, and that his "income and assets have greatly decreased." Decl. in Opp. of Contempt of Herbert Saltzman ¶¶ 5-6, 12. These circumstances are not exceptional, and Mr. Saltzman has offered no documentary evidence to substantiate his claim that it is "impossible" for him to comply with the settlement agreement. The Court does not find the present circumstances exceptional and denies Mr. Saltzman's motion for relief under Rule 60(b)(6).

### 3. The Court must review evidence of Mr. Saltzman's financial state to decide Plaintiff's motion for contempt.

Mr. Saltzman argues that a contempt order is "not warranted here because Mr. Saltzman is unable to comply with the settlement agreement." Def.'s Br. 16. Mr. Saltzman asserts that he "simply do[es] not have the ability to pay the settlement amount." Decl. in Opp. of Contempt of

**NOT FOR PUBLICATION**

Herbert Saltzman ¶ 6. As discussed, Mr. Saltzman offers no documentary evidence of his inability to pay the settlement amounts.

A litigant's failure to comply with a Court order to enforce a settlement agreement can be punished by civil contempt. *See Institute for Motivational Living, Inc. v. Doulos Institute for Strategic Consulting*, 110 F. App'x. 283, 287 (3d Cir. 2004). To prove civil contempt, a plaintiff must demonstrate by clear and convincing evidence: (1) that a valid order of court existed; (2) that the defendant had knowledge of the order; and (3) that the defendant disobeyed the order. *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995). An order of civil contempt becomes impermissibly punitive, however, "if a contemnor is unable to comply with the order." *United States v. Harris*, 582 F.3d 512, 520 (3d Cir. 2009). As such, the Third Circuit recently held that a district court must find that a potential contemnor has the financial ability to make an ordered payment before imposing civil contempt for failure to do so. *Camerons Hardware Inc. v. Independence Blue Cross*, 363 F. App'x 197, 201 (3d Cir. 2010) (finding that district court should have made finding regarding contemnor's ability to make required payment by analyzing financial evidence, including contemnor's latest annual tax return). Because Mr. Saltzman claims he cannot make the payments required under the settlement agreement, the Court orders him to present sufficient documentary evidence of his inability to pay the required amounts within fourteen days of the date of this order. The Court will accordingly defer decision on Plaintiff's motion to hold Mr. Saltzman in contempt.

**NOT FOR PUBLICATION**

## CONCLUSION

The Court defers ruling on Mr. Bonomo's motion and denies Mr. Saltzman's cross-motion. An appropriate order follows.

Date: March 24, 2015

**/s/ William H. Walls**
United States Senior District Judge
