**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID P. BONOMO,<br><br>                          Plaintiff,<br><br>                  v.<br><br>CITRA CAPITAL MANAGEMENT, LLC,<br>CITRA REAL ESTATE CAPITAL<br>MANAGEMENT, LLC,<br>CITRA/NEWWORK HEALTHCARE<br>CAPITAL, LLC, MICHAEL I. JANDA, and<br>HERBERT SALTZMAN,<br><br>                         Defendants. | **OPINION**<br><br>Civ. No. 11-04409 (WHW) (CLW) |

**Walls, Senior District Judge**

In this case where a settlement was reached but never fulfilled, Plaintiff David Bonomo moves to hold Defendant Herbert Saltzman in contempt for violating a Court order. Pl.'s Contempt Mot., ECF No. 43. After conducting a hearing on July 21, 2015, the Court denies Plaintiff's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 26, 2014, the Court dismissed this case because it was reported to the Court that it had been settled. Order of Dismissal, ECF No. 33. The Court

> ORDERED that this action is hereby dismissed without prejudice and without costs, subject to the right of the parties upon good cause shown within 60 days, to reopen the action if the settlement is not consummated. The terms of the settlement agreement are incorporated herein by reference and the Court shall retain jurisdiction over the settlement agreement to enforce its terms.

*Id.*

**NOT FOR PUBLICATION**

On April 1, 2014, Plaintiff David Bonomo filed a motion to enforce the settlement agreement. Pl.'s Mot. to Enforce, ECF No. 34. Ronald Nagle, Mr. Bonomo's counsel, certified that the parties settled the case on February 11, 2014 before retired Judge John M. Boyle and that Judge Boyle had recorded the settlement terms. Reply Cert. of Ronald Nagle ¶ 2, ECF No. 36. After the parties agreed to the settlement terms before Judge Boyle, the agreement was committed to writing. Cert. of Ronald Nagle ¶ 2, ECF No. 34-1. On April 24, 2014, the Court ordered that the written version of the settlement agreement submitted to the Court would become effective between the parties in ninety days or on July 25, 2014, whichever was later. Order of Apr. 24, 2014, ECF No. 37.

On August 20, 2014, Plaintiff again moved to enforce the settlement agreement. Pl.'s Second Mot. to Enforce, ECF No. 38. The motion was unanswered by Mr. Saltzman. The Court granted it on October 14, 2014 and ordered Mr. Saltzman to "make all payments presently due under the settlement agreement within thirty days of the date of this Order, and continue making all required payments thereafter." Order of Oct. 14, 2014, ECF No. 39.

On November 19, 2014, Mr. Nagle notified the Court by letter that Mr. Saltzman had "failed and refused to comply with the Court's Orders." Letter from Ronald Nagle, ECF No. 40. The Court conducted an in-person conference with counsel for the parties on December 16, 2014. At the hearing, counsel for Mr. Saltzman expressed that Mr. Saltzman did not intend to make any payments to Plaintiff as required by the settlement agreement. On December 18, 2014, Mr. Bonomo filed this motion to hold Mr. Saltzman in contempt. On January 8, 2015, Mr. Saltzman cross-moved to vacate the Court's earlier orders enforcing the settlement.

On March 24, 2015, the Court denied Mr. Saltzman's cross-motion to vacate the Court's earlier orders enforcing the settlement. Opinion, ECF No. 47. The Court also deferred ruling on

**NOT FOR PUBLICATION**

Mr. Bonomo's motion to hold Mr. Saltzman in contempt, on the basis that "a district court must find that a potential contemnor has the financial ability to make an ordered payment before imposing civil contempt for failure to do so." *Id.* at 6 (citing *Camerons Hardware Inc. v. Independence Blue Cross*, 363 F. App'x 197, 201 (3d Cir. 2010)). The Court ordered Mr. Saltzman to present documentary evidence of his financial capacity to pay the required amounts under the settlement agreement. *Id.*

On April 21, 2015, Mr. Saltzman submitted evidence of his financial status to the Court. Decl. of Herbert Saltzman, ECF No. 51. After reviewing Mr. Saltzman's submission, the Court ordered on June 23, 2015 that Mr. Saltzman show cause why he should not be held in contempt for violating the Court's October 14, 2014 order enforcing the settlement agreement and for submitting obfuscatory evidence of his financial capacity to pay the amounts owed under the settlement agreement. Order to Show Cause, ECF No. 54. Mr. Saltzman submitted additional documentation of his financial status on July 14, 2015, ECF No. 55, and appeared before the Court on July 21, 2015 for a hearing on the Court's order to show cause. At the hearing, Mr. Saltzman gave sworn testimony regarding his financial status and capacity to pay the amounts he owes under the settlement agreement. The Court ordered Mr. Saltzman to submit additional documentation regarding his interests in several trusts, and Mr. Saltzman submitted the documentation on July 31, 2015. Decl. of Herbert Saltzman, ECF No. 60.

### LEGAL STANDARD

A litigant's failure to comply with a Court order to enforce a settlement agreement can be punished by civil contempt. *See Institute for Motivational Living, Inc. v. Doulos Institute for Strategic Consulting*, 110 F. App'x 283, 287 (3d Cir. 2004). To prove civil contempt, a plaintiff must demonstrate by clear and convincing evidence: (1) that a valid order of court existed; (2) that

3

the defendant had knowledge of the order; and (3) that the defendant disobeyed the order. *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995). An order of civil contempt becomes impermissibly punitive "if a contemnor is unable to comply with the order." *United States v. Harris*, 582 F.3d 512, 520 (3d Cir. 2009). The Third Circuit has held that a district court must find that a potential contemnor has the financial ability to make an ordered payment before imposing civil contempt for failure to do so. *Camerons Hardware Inc. v. Independence Blue Cross*, 363 F. App'x 197, 201 (3d Cir. 2010) (district court should have made a finding regarding contemnor's ability to make a required payment by analyzing financial evidence, including contemnor's latest tax return).

## DISCUSSION

Having reviewed Mr. Saltzman's documentary submissions as to his financial status and having considered Mr. Saltzman's oral testimony, the Court finds that Mr. Saltzman is financially incapable of complying with the Court's orders to make the payments required of him by the settlement agreement. As such, the Court cannot hold Mr. Saltzman in civil contempt for his failure to comply with the Court's orders. *See Camerons Hardware Inc.*, 363 F. App'x at 201. The Court must deny Plaintiff's motion for contempt.

## CONCLUSION

Plaintiff's motion to hold Mr. Saltzman in contempt is denied. An appropriate order follows.

Date: August 26, 2015

Hon. William H. Walls
United States Senior District Judge

4