**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| DAVID P. BONOMO, | |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 11-04409 (WHW) (CLW) |
| CITRA CAPITAL MANAGEMENT, LLC, CITRA REAL ESTATE CAPITAL MANAGEMENT, LLC, CITRA/NEWWORK HEALTHCARE CAPITAL, LLC, MICHAEL I. JANDA, and HERBERT SALTZMAN, | |
| Defendants. | |

---

**Walls, Senior District Judge**

As part of a 2014 settlement, Defendant Herbert Saltzman agreed to execute a Consent Judgment that would be held in escrow by Plaintiff David Bonomo. Saltzman has not complied with the agreement. Plaintiff moves for the Court to enforce the settlement agreement by compelling Saltzman's execution of the Consent Judgment. The motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

This case was dismissed by the Court on February 26, 2014, because the parties reported that it had been settled. Order of Dismissal, ECF No. 33. The Court ordered:

> that this action is hereby dismissed without prejudice and without costs, subject to the right of the parties upon good cause shown within 60 days, to reopen the action if the settlement is not consummated. The terms of the settlement agreement are incorporated herein by reference and the Court shall retain jurisdiction over the settlement agreement to enforce its terms.

*Id.*

**NOT FOR PUBLICATION**

On April 1, 2014, Plaintiff filed a motion to enforce the settlement agreement. Mot. to Enforce, ECF No. 34. His counsel certified that the parties settled on February 11, 2014 before retired Judge John M. Boyle, who had recorded the settlement terms. Reply Cert. of Ronald Nagle ¶ 2, ECF No. 36. On April 24, 2014, the Court ordered that the settlement agreement submitted to the Court would become effective between the parties in ninety days or on July 25, 2014, whichever was later. Order of Apr. 24, 2014, ECF No. 37. This agreement specified, in part, that the parties would enter into a Consent Judgment "in favor of Bonomo and against Saltzman and Citra in the amount of $150,000.00," which would be "held in escrow by Counsel for Bonomo." Nagle Cert. Ex A, ECF No. 34-1.

On August 20, 2014, Plaintiff again moved to enforce the settlement agreement. Second Mot. to Enforce, ECF No. 38. The motion was unanswered by Saltzman and granted on October 14, 2014. The Court ordered Saltzman to "make all payments presently due under the settlement agreement within thirty days of the date of this Order, and continue making all required payments thereafter." Order of Oct. 14, 2014, ECF No. 39. On November 19, 2014, Plaintiff notified the Court that Saltzman had "failed and refused to comply with the Court's Orders." Letter, ECF No. 40. The Court conducted an in-person conference on December 16, 2014, in which Saltzman's counsel said that Saltzman did not intend to make any of the payments that were required by the parties' agreement. Plaintiff filed a motion to hold Saltzman in contempt on December 18, 2014. The Court denied that motion after finding that Saltzman lacked the financial capacity to pay the amount owed. Order of Aug. 26, 2015, ECF No. 64.

Mr. Bonomo's counsel now certifies that he has requested that Saltzman's counsel execute the Consent Judgment as required by the settlement agreement but has not received any response. Nov. 3, 2015 Cert. of Ronald Nagle, ECF No. 66-1 ¶ 4. Plaintiff now moves to compel

**NOT FOR PUBLICATION**

the execution of the Consent Judgment. Mot. to Compel, ECF No. 66. Defendant has not replied to this motion.

## DISCUSSION

Where a district court "specifically retained jurisdiction over enforcement of [a] settlement . . . [it] may later entertain an action arising from the settlement agreement under its inherent authority to 'manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Shell's Disposal and Recycling, Inc. v. City of Lancaster*, 504 F. App'x 194, 198 (3d Cir. 2012) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994)). This Court specifically retained jurisdiction over the settlement agreement here to enforce its terms in its February 26, 2014 order. ECF No. 33.

Saltzman has repeatedly failed to comply with the terms of the parties' settlement agreement and continues to do so. He has not submitted any facts or argument in defense of this motion. It is appropriate under these circumstances to order him to execute the Consent Judgment and return it to Mr. Bonomo's counsel, as the parties agreed. *E.g. Johnson v. Digital Connect, Inc.*, 2007 WL 101786 (D. Kan. Jan. 9, 2007) (court "ordered defendants to execute and return to plaintiff [a] consent judgment"); *A & D Partnership v. Equity Group, Inc.*, 1989 WL 33673 (E.D. La. April 5, 1989) (ordering plaintiffs to execute a consent judgment where they had failed to do so after agreeing to settle).

Plaintiff's motion to compel Defendant's execution of the Consent Judgment is granted. An appropriate order follows.

Date: December 15, 2015

Hon. William H. Walls
United States Senior District Judge

3